In re CUSTODY OF WILLIAM JOSEPH DYKHUIS (William Ipema, Petitioner-Appellee, v. Cheryl Dykhuis, Respondent-Appellant).

Third District   No. 3—84—0420

Opinion filed March 12, 1985.

Mary C. Thompson, of Homewood, for appellant.

J. Brian McDonnell, of Palos Heights, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The respondent, Cheryl Dykhuis, appeals from an order granting change of permanent custody of the parties' minor child to the petitioner, William Ipema. The order appealed from was entered following a hearing on Ipema's petition for modification of custody. Custody of the child was originally given to Dykhuis following a paternity suit.

The minor child, William Joseph Dykhuis, was born to Dykhuis on November 27, 1980. On December 17, 1981, William Ipema was found to be the natural father, support was set at $90 per month and custody was awarded to Dykhuis. The child lived with his mother at the home of her parents from birth until February 19, 1983.

On February 20, 1983, Dykhuis permitted Ipema to take temporary physical custody of their son so that she could look for work and thus obtain her own residence. The child remained at the home of Ipema's parents until January 9, 1984. Both parties stayed in contact with the child during this period. On November 7, 1983, Ipema filed his petition for change of custody. The hearing on Ipema's petition was held on February 7 and March 9, 1984. The trial court rendered its decision on June 25, 1984, ordering that permanent custody be transferred to Ipema. In July 1984, Dykhuis filed a motion to stay enforcement of said judgment. This motion was denied, and Dykhuis gave custody of the child to Ipema. She then filed this appeal.

The following issues are raised by Dykhuis on appeal. Dykhuis argues first that the trial court erred in finding that Dykhuis had consented to the integration of the child into Ipema's family because the manifest weight of the evidence did not establish that the child was integrated into the father's family nor that the mother had consented. Secondly, Dykhuis contends that the trial court erred in finding the best interests of the child were served by granting the father's petition for change of custody. The final issue on appeal concerns whether the trial court abused its discretion in refusing to allow testimony as to the mother's financial situation when it was alleged that she had consented to the child's integration into the father's family.

Modification of custody judgments is governed by section 610 of

the Illinois Marriage and Dissolution of Marriage Act (IMDMA). (Ill. Rev. Stat. 1983, ch. 40, par. 610.) The relevant statutory provision states the following requirements:

"(b) After the expiration of the two year period following a custody judgment *** the court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts *** that a change has occurred in the circumstances of the child or his custodian *** and that the modification is necessary to serve the best interest of the child."

Section 610(b), thus, sets forth two basic criteria of a change in circumstances and the child's best interest, both of which must be established before custody can be modified.

■ We note parenthetically that the petition in the instant case was filed within two years but did not allege the required statutory grounds under section 610(a), endangerment to the child by present environment. The petition, therefore, would have been subject to a dismissal motion, but none was filed. The trial court, despite this error, acquired proper jurisdiction because the hearings took place after the two-year period terminated, thereby allowing the court to adopt the other standard of the child's best interest.

■ We find in the case at bar that modification of the original custody judgment is not warranted and would not serve the best interests of the child. The evidence presented by the father at the modification hearing did not meet the "clear and convincing" evidentiary standard contained in section 610(b).

Custody modification under the IMDMA is based on a legislative presumption in favor of the present custodial parent so as to promote stability and continuity in the child's environment. Once a trial court has determined, however, that this legislative presumption has been overcome, a court of review will not disturb this determination unless the trial court's decision was contrary to the manifest weight of the evidence or constituted an abuse of discretion. *In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361.

In order to establish that a change of circumstances has occurred and that modification would serve the child's best interest, the standard of clear and convincing evidence requires a high level of certainty. Although this degree of proof is considered to be more than a preponderance of the evidence, it does not quite approach the standard which is necessary to convict a person of a criminal offense. *In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 450 N.E.2d 1385.

We have carefully reviewed the record in the instant case. The mother initially gave the father temporary physical custody of the child

so that she could obtain another job and, thus, her own residence. During the 10-month period when the petitioner had custody, the mother maintained regular and close contact with the child, visiting him at the home of the petitioner's parents. She disputed the father's assertion that she consented to the child's integration into his family. When the mother first attempted to regain physical custody of the child, the petitioner refused to return him, even though the mother had enlisted the aid of police officers.

We do not view these circumstances and events as those which constitute a change of circumstances sufficient in themselves to warrant a modification of custody. We further note that during the time the petitioner had physical custody, he stopped paying court-ordered child support to the mother. We find the mother's actions and her reasons for giving physical custody to the father in the first place to be reasonable and logical.

■ A custodial judgment cannot be modified unless the evidence shows that a material change of circumstances relating to the child's best interests has taken place. The evidence must establish that the parent to whom custody was originally awarded is either unfit to retain custody or that the change in conditions is directly related to the child's needs. (*Brandt v. Brandt* (1981), 99 Ill. App. 3d 1089, 425 N.E.2d 1251.) The evidence presented in the instant case clearly did not support these criteria.

In the case at bar, the trial court based its decision on the child's integration into the petitioner's family, grounds alleged in the father's petition. At the time of the hearing, however, integration, once a statutory factor in modifying custody, had been removed from the statute by Public Act 715, effective July 1, 1982. The amended version of section 610 was in effect at the time custody was modified in this cause. Consequently, while integration can still serve as a guideline, among many other factors, it cannot by itself act as the controlling factor upon which modification may be based.

The sufficiency of the instant evidence was, furthermore, inadequate to establish that the child had been integrated into the petitioner's family. From February to June 1983, the child stayed at the home of the petitioner's parents while the petitioner maintained his own residence. In June 1983, the petitioner moved into his parents' home. In January 1984, after the mother had regained custody of the child, the petitioner once again moved back into his own residence.

The integration of a child into a family with its various relationships requires more than moving in with him under the same roof. The only other evidence presented by the petitioner even remotely touching

this issue came through the testimony of the paternal grandfather. His testimony essentially consisted of listing the people who lived with his grandson. These people included his wife, the petitioner, two other sons and two daughters. No other information whatsoever was given concerning these people who lived with the child whose custody was being sought. No testimony or evidence was presented as to how the child responded to these family members, how these people interacted with the child, or how this living situation was affecting the child's emotional, physical, and psychological health. Giving a census of the number of people living with a child in the same house does not qualify as sufficient proof of integration.

The petitioner did not testify to any prospective living arrangements if custody were to be awarded to him. The record does not indicate who would be caring for the child during the day or where the child would live if the father obtained permanent custody. The mother, however, testified that she now had her own residence and would live there with her son. One of her sisters lived nearby, and while the mother was at work the child would be placed in preschool. The father failed to state whether he or his mother would care for the child during the day.

It is undisputed that the mother cared for the child herself from the date of the child's birth in 1980 to February 1983. It is also clear from the record that she had made plans to care for the child in the future. The record does not indicate the father's future plans for his son's care. As stated in *In re Custody of Bourey* (1984), 127 Ill. App. 3d 530, 469 N.E.2d 386, the conduct of an unmarried parent in meeting the responsibility of establishing a significant relationship with the child and of providing for the child must be given sufficient weight. This factor in conjunction with many others must be recognized in determining the best interest of the child.

We conclude, therefore, that the mother in the instant case should retain custody of her child. After a careful consideration of all the factors, the modification judgment awarding custody to the father is against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Will County granting change of custody to the petitioner is reversed, and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.